**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ABSHIR AHMED JAMA,**
Amani Court, House
Nasra Gardens, Gate D
(Plus Code: PWG2+P3W)
Off Kangundo Road, Komarock/Kayole
Nairobi, Kenya 00518

*Plaintiff*,

*v.*

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
5900 Capital Gateway Dr.
Camp Springs, MD

and

**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,**
500 12th St. SW
Washington, DC 20536

*Defendants.*

**Case No. ________________**

## VERIFIED COMPLAINT

Plaintiff Abshir Jama brings this action to compel Defendants' compliance with the Freedom of Information Act ("FOIA").

## PARTIES

1. Plaintiff Abshir Jama ("Plaintiff") submitted a FOIA request to United States Citizenship and Immigration Services ("USCIS") on or about July 31, 2025. Plaintiff resides in Nairobi, Kenya.

2. Defendant United States Citizenship and Immigration Services is a component agency of the Department of Homeland Security. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

3. Defendant United States Immigration and Customs Enforcement ("ICE") is a component agency of the Department of Homeland Security. ICE is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL ALLEGATIONS**

6. Plaintiff was admitted to the United States as a refugee on February 24, 2000 and ordered removed to Canada or, in the alternative, Somalia by an Immigration Judge on October 24, 2012. Plaintiff was removed to Somalia on June 28, 2018.

7. Plaintiff's father, Ahmed, became a naturalized U.S. citizen on March 28, 2007, when Plaintiff was 15 years old.

8. Plaintiff's twin brother, Mohamed, was also naturalized as a U.S. citizen that same day, having automatically acquired citizenship pursuant to Immigration and Nationality Act ("INA") § 320 (8 U.S.C. § 1431). Plaintiff contends that he also automatically became a U.S. citizen under INA § 320 at the same time and for the same reasons as his twin brother.

9. On or about July 31, 2025, Plaintiff submitted a request to USCIS for copies of various records related to his immigration history and status (the "FOIA Request"). On information and belief, Plaintiff's FOIA Request sought a complete copy of his A-file, as well as

records concerning his refugee admission, his adjustment of status/lawful permanent resident history, his father's naturalization, and his derivative citizenship claim.

10. By letter dated August 2, 2025, USCIS acknowledged receipt of Plaintiff's FOIA Request and assigned it the control number NRC2025359790.

11. By further letter dated October 3, 2025, USCIS informed Plaintiff that it had identified 557 pages of documents that were responsive to his request. According to the letter, of the 557 responsive pages, 114 pages were being released in full, 157 pages were being released in part and withheld in part, and 286 pages were being withheld in full.

12. The October 3, 2025 response letter indicated that the information withheld was exempt from disclosure pursuant to Exemptions 3, 5, 6, 7(C), and 7(E). *See* 5 U.S.C. § 552(b)(3), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

13. Exemption 3 protects matters "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Exemption 5 protects "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6), Exemptions (7)(C) and (E) protect "records or information compiled for law enforcement purposes" to the extent that such records "could reasonably be expected to constitute an unwarranted invasion of personal privacy" or "would disclose techniques and procedures for law enforcement investigations or prosecutions," respectively. 5 U.S.C. § 552(b)(7).

14. USCIS's response letter further indicated that the basis for invoking Exemption 3 was 8 U.S.C. § 1202(f), which designates "[t]he records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas

or permits to enter the United States" as confidential, and generally restricts the use of such records to "the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States."

15. Other than listing the applicable exemption(s) next to any redaction or at the top of a blank page, USCIS's response did not otherwise indicate what information was being withheld or the reason for withholding such information.

16. On information and belief, the records withheld by USCIS included information that was not exempt from release under any of the above-listed exemptions.

*17.* On information and belief, the treatment of the records requested by Plaintiff is part of a Department of Homeland Security policy or practice of withholding documents sought by non-citizens in order to establish eligibility for or entitlement to an immigration benefit or status. *See* Minho Kim, *Immigrants' Lawyers Say U.S. Is Redacting Documents Proving Legal Status*, N.Y. Times (Sept. 14, 2026), *available at* https://www.nytimes.com/2026/09/14/us/politics/immigrants-foia.html.

18. On October 18, 2025, Plaintiff filed an administrative appeal of USCIS's partial denial of his FOIA Request. Plaintiff argued that USCIS improperly withheld non-exempt information and requested that USCIS release all improperly withheld records and prepare a *Vaughn* Index, *see generally Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973), for any information that the agency withheld from release.

19. By letter dated January 22, 2026, USCIS acknowledged having received Plaintiff's administrative appeal on October 20, 2025, and assigned it the control number APP2026007469.

20. USCIS's acknowledgement letter also noted that it had identified 157 pages of responsive records in its possession that had originated with ICE and stated that "USCIS will forward the page(s) to ICE for their review and a direct response to" Plaintiff.

21. To date, USCIS has not issued a decision on Plaintiff's administrative appeal, nor has ICE responded to Plaintiff. Plaintiff therefore is deemed to have exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT ONE**
**FREEDOM OF INFORMATION ACT—FAILURE TO DECIDE APPEAL**
*(Defendant USCIS)*

22. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

23. Under 5 U.S.C. 552(a)(6)(A)(ii), an agency is required to decide an administrative appeal within 20 business days of receipt of the appeal.

24. Defendant USCIS received Plaintiff's administrative appeal on October 18, 2025. To date, it has not decided the appeal.

**COUNT TWO**
**FREEDOM OF INFORMATION ACT—FAILURE TO RESPOND**
*(Defendant ICE)*

25. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

26. "[A]n agency may adopt procedures by which documents in the agency's possession, but which did not originate with the agency, may be referred to the originating agency for processing." *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 66–67 (D.D.C. 2008).

27. Department of Homeland Security regulations permit a component, such as USCIS, to "refer the responsibility for responding to the request or portion of the request to the

component or agency best able to determine whether to disclose the relevant records, or to the agency that created or initially acquired the record as long as that agency is subject to the FOIA." 6 C.F.R. § 5.4(d)(3). "All consultations and referrals received by [the Department of Homeland Security] will be handled according to the date that the FOIA request initially was received by the first component or agency, not any later date." 6 C.F.R. § 5.4(d)(3).

28. Under 5 U.S.C. 552(a)(6)(A)(i), an agency is required to decide a FOIA request within 20 business days of receipt.

29. USCIS received Plaintiff's FOIA Request on July 31, 2025, and subsequently referred 157 pages of responsive records to ICE.

30. To date, ICE has not responded to Plaintiff regarding its decision whether to disclose the referred records, thereby constructively denying Plaintiff's request for the referred records. *See generally Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990).

**COUNT THREE**
**FREEDOM OF INFORMATION ACT— INADEQUATE SEARCH**
*(Defendant USCIS)*

31. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32. Under 5 U.S.C. 552(a)(3)(C), an agency is required to make a reasonable effort to search for responsive records.

33. On information and belief, there exist within USCIS's possession, custody, or control records responsive to Plaintiff's FOIA Request that were neither disclosed to Plaintiff nor withheld pursuant to a statutory exemption.

34. On information and belief, USCIS failed to conduct an adequate search for records responsive to Plaintiff's FOIA Request.

**COUNT FOUR**
**FREEDOM OF INFORMATION ACT—IMPROPERLY WITHHELD RECORDS**
*(Defendant USCIS)*

35. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

36. Under 5 U.S.C. 552(a)(3)(A) and (8)(A)(i), an agency is required to disclose records responsive to a request unless it is reasonably foreseeable that disclosure would harm an interest protected by an exemption or if disclosure is prohibited by law.

37. On information and belief, USCIS has improperly withheld non-exempt records that are responsive to Plaintiff's FOIA Request, including by (i) claiming exemptions that do not apply to the records wholly or partially withheld, and (ii) referring records with the effect of significantly increasing the time that Plaintiff is required to wait, *see McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

**COUNT FIVE**
**FREEDOM OF INFORMATION ACT—FAILURE TO PRODUCE SEGREGABLE RECORDS**
*(Defendant USCIS)*

38. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs.

39. Under U.S.C. § 552(a)(8)(A)(ii), whenever an "agency determines that a full disclosure of a requested record is not possible," the agency is required to "consider whether partial disclosure of information is possible" and "take reasonable steps . . . to segregate and release non-exempt information."

40. On information and belief, USCIS has failed to segregate and release non-exempt information responsive to Plaintiff's FOIA Request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant the following relief:

i. Declare that Defendants violated FOIA, 5 U.S.C. § 552;

ii. Order Defendant USCIS to conduct an adequate search for records responsive to Plaintiff's FOIA Request;

iii. Order Defendants to disclose to Plaintiff all responsive, non-exempt records by a date certain, without further delay;

iv. Order Defendants to produce a *Vaughn* Index identifying all responsive records being withheld in whole or in part and the basis for the withholding;

v. Conduct an in camera review of all responsive records withheld by Defendants in whole or in part and determine de novo whether such records may be withheld under a statutory exemption;

vi. Award Plaintiff his reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

vii. Grant such other and further relief as the Court may deem just and proper.

DATED: October 30, 2026

Respectfully Submitted,

/s/ Judah J. Ariel
Judah J. Ariel (DC Bar No. 995351)
ARIEL LAW
751 Fairmont St. NW #3
Washington, DC 20001
(202) 681-3032
judah@ariel-law.com

*Counsel for Plaintiff*